

Arthur Williams
8241 St.Johns Dr
Waxahachie, Texas 75167
Mrarthurwl@yahoo.com

ORIGINAL
ORIGINAL
ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - DALLAS

| | |
|---|---|
| Arthur Williams,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CREDIT PROTECTION ASSOCIATION TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, FIDELTY BANK OF TEXAS TXU ENERGY, CHEXSYSTEMS,INC. CITIFINANCIAL CORPORATION INC., NCO FINANCIAL SYSTEMS, RECEIVABLE PERFORMANCE, CREDIT BUREAU COLLECTION FREEMONT INVESTMENT,FIRST CENTRAL CREDIT UNION,AMERICAN EXPRESS, NATIONAL TENANT NETWORK,SWIFT/M&I,HEART OF TEXAS AUTO AUCTION,<br><br>　　　　Defendant | Cause No: Unassigned<br><br>**3-09CV1146-L**<br><br>**COMPLAINT** |

Upon information and belief, and in good faith, Plaintiff, Arthur Williams, alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages based upon Defendants' violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. 1681 et seq. and the Federal Debt Collections Practices Act ("FDCPA"). Plaintiff seeks an award of statutory damages, actual damages, punitive damages, and costs.

**JURISDICTION**

[Summary of pleading] - 1

2. The jurisdiction of this court is conferred by 15 U.S.C., 1681 (p) and 28 U.S.C. 1331. Venue lies in Ellis County in the U.S. District Court, Northern District of Texas – Dallas.

### PARTIES

3. Plaintiff Arthur Williams (hereinafter "I" or "Plaintiff") is a resident of Waxahachie, Texas. Plaintiff is a "Consumer" as defined by FCRA 1681(a) of the FCRA.

4. Defendant <u>Trans Union LLC</u> (hereinafter "Trans Union") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681(f). Trans Union is authorized to do business in the State of Texas, with its principal place of business located at 555 West Adams, Chicago, Illinois 60661.

5. Defendant <u>Experian Information Solutions</u> (hereinafter "Experian") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681 (f). Experian is authorized to do business in the State of Texas, with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

6. Defendant <u>Equifax Information Services Information Services LLC</u> (hereinafter "Equifax Information Services") is both a "person" as defined by FCRA 1681 (a) and a "consumer reporting agency" as defined by FCRA 1681(f). Equifax Information Services is authorized to do business in the State of Texas, with its principal place of business located at 1550 Peachtree Street, NW Atlanta, Georgia 30309.

7. Defendant <u>NCO Financial Systems;</u> (hereinafter "NCO") maintains offices in Horsham, Pennsylvania, is a "debt collector" as defined by FDCPA 1692a (6), a "person" as defined by FCRA 1681(b) and a "reseller" as defined by FCRA 1681a (u). <u>NCO</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

8. Upon information and belief, Defendant <u>Fidelity Bank of Texas,</u> is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer and/or other financial institutions.

9. Upon information and belief, Defendant <u>Freemont Investment</u> is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

10. Defendant <u>Credit Protection Association</u> is a "debt collector" as defined by FDCPA 1692a (6), a "person" as defined by FCRA 1681(b) and a "reseller" as defined by FCRA 1681a (u) and is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

11. Defendant <u>Receivables Performance</u> is a "debt collector" as defined by FDCPA 1692a (6), a "person" as defined by FCRA 1681(b) and a "reseller" as defined by FCRA 1681a(u) and is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

12. Upon information and belief, Defendant <u>TXU Energy</u> is a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one

or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

13. Upon information and belief, Defendant <u>First Central Credit Union</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

14. Upon information and belief, Defendant <u>CBNA aka</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

15. Upon information and belief, Defendant <u>Credit Bureau Collection</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

16. Upon information and belief, Defendant <u>Telecheck</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

17. Upon information and belief, Defendant <u>Fidelity Bank of Texas</u> is a "furnisher" of information as contemplated by FCRA 1681s-2(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.

**FACTUAL ALLEGATIONS**

18. On or about September 21, 2008, I received notice from Certegy Check Services that computer tapes concerning my personal information were lost and may be compromised. See attached document.

19. On or about September 22, 2008, I immediately notified the Experian, Equifax Information Services, and Trans Union and ordered copies of my credit reports.

20. On or about September 23, 2008, I received copies of my credit reports which showed erroneous, inaccurate, and fraudulent data regarding my persons and financial and business transactions.

21. I have made numerous attempts to contact the above defendants to rectify and resolve my concerns to no avail.

22. Plaintiff has since received notices denying credit, refinancing and opening a checking account based on information obtained in consumer reports from Experian, Trans Union, Equifax Information Services and ChexSystems. All of which are reporting inaccurate, fraudulent, erroneous and adverse information regarding Plaintiff's credit worthiness and banking transactions.

23. As a direct result and proximate cause of Defendant(s)' continued reporting of erroneous, inaccurate, fraudulent and adverse information to the credit reporting agencies and as a direct result and proximate cause of credit reporting agency(s) reporting erroneous, inaccurate, fraudulent and adverse information, Plaintiff has suffered and continues to suffer damages including but not limited to humiliation, embarrassment, and loss of opportunity.

**CAUSE OF ACTION**

24. Plaintiff repeats, alleges, asserts/reasserts and incorporates by reference the foregoing paragraphs.

25. <u>Trans Union</u> continues to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.

26. Trans Union continues to withhold, and/or intentionally, maliciously, and negligently not report positive credit information that it previously reported resulting in defamation and causing financial injury.
27. Trans Union willfully and negligently reinserted removed items on Plaintiff's consumer credit report without notifying Plaintiff in writing within 5 business days in violation of FCRA (A)(5)(B)(ii).
28. Trans Union continues to willfully, maliciously, and negligently violate FCRA 1681(e)(b), on multiple occasions.
29. As a result of Trans Unions actions, Plaintiff has been damages.
30. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.
31. Trans Union failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.
32. Trans Union; failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.
33. As a result of Trans Union's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.
34. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.
35. Experian continues to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.
36. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.
37. Experian failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.
38. Experian failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.
39. As a result of Experian's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.
40. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum

(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

41. Equifax Information Services Information Services continues to add, store, maintain, and disseminate personal credit information, in consumer reports it prepares and issues about Plaintiff which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate.

42. Pursuant to FCRA 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. 1681o, the costs of the action together with reasonable attorney's fees.

43. Equifax Information Services Information Services failed to conduct a reasonable investigation of Plaintiff's disputes and otherwise failed to comport with FCRA 1681i.

44. Equifax Information Services failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information as require by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations.

45. As a result of Equifax Information Services's negligent failure to comply with the FCRA, it is liable to Plaintiff in the amount equal to sum of (1) actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorney's fees.

46. Pursuant to 15 U.S.C. 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 (2) such amount of punitive damages as the court may allow, and (3) in the case of any successful action to enforce any liability under 15 U.S.C. 1681n, the costs of the action together with reasonable attorney's fees.

47. American Express.; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

48. First Central Credit Union.; willfully and negligently failed to validate Plaintiff's allege debt and continues to report to Credit Bureau in violation of FDCPA section 809(b).

49. First Central Credit Union.; willfully and negligently "Re age" fraudulent account by updating date of last activity on Plaintiff's credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).

50. ChexSystems Inc.; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

51. ChexSystems Inc.; willfully and negligently failed to validate Plaintiff's allege debt and continues to report to Credit Bureau in violation of FDCPA section 809(b).

52. Citifinancial CorporationInc.; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

53. Credit Protection Association; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and s willfully and negligently failed to validate Plaintiffs allege debt and continue to report to Credit Bureau in violation of sections 1681b (a) (3) (F).

54. Credit Protection Association; willfully and negligently failed to validate Plaintiff's allege debt and continues to report to Credit Bureau in violation of FDCPA section 809(b).

55. Credit Bureau Collection; willfully and negligently failed to validate Plaintiff's allege debt and continues to report to Credit Bureau in violation of FDCPA section 809(b).
56. Credit Bureau Collection; willfully and negligently "Re age" fraudulent accounts by updating date of last activity on Plaintiffs credit report in hopes of keeping negative information on an account longer in violation of FCRA 605(c).
57. Swift/M&I; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b(a)(3) (F).
58. National Tenant Network; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
59. Credit Technologies; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
60. Telecheck; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
61. Telecheck; willfully and negligently failed to validate Plaintiff's allege debt and continue to report to Credit Bureau in violation of FDCPA section 809(b).
62. Freemont Investment; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
63. TXU Energy; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a )(3) (F).
64. First Central Credit Union; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
65. NCO Financial Systems; willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
66. Fidelity Bank of Texas willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).
67. Receivables Performance, willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission in violation of FCRA 604 and sections 1681b (a) (3) (F).

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:
a. Actual damages in an amount to be shown at trial;
b. Statutory damages pursuant to FCRA 1681n;
c. Punitive damages pursuant to FCRA 1681n;
d. Temporary and permanent injunctive relief restraining Defendants from further reporting of inaccurate and erroneous adverse information regarding Plaintiff's consumer credit information;
e. Costs and reasonable attorney's fees; and
f. Such other relief as may be just and proper.

*Arthur Williams*
Arthur Williams,
Pro Se

US District Court Northern
1100 Commerce St   Room #1452
Dallas TX 75242
Attn: clerk office

3-09CV1146-L