**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ARTHUR J. WILLIAMS JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-1146-L |
| | § | |
| CREDIT PROTECTION ASSOCIATION | § | |
| TRANS UNION, LLC., et al., | § | |
| | § | |
| Defendants. | § | PRETRIAL MANAGEMENT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order No. 3-251, this case was referred for pretrial management, including the determination of non-dispositive motions, and issuance of findings of fact and recommendation on dispositive motions. Before the Court is *Defendant Experian Information Solutions, Inc.'s Motion to Dismiss and Brief in Support* ("D. Mot."), filed July 16, 2009. Based on the relevant filings, evidence, and applicable law, the Court recommends that Defendant's motion to dismiss be **GRANTED**, in part, and **DENIED**, in part, and that its alternate motion for a more definite statement be **DENIED**.

## I. BACKGROUND

On June 17, 2009, Plaintiff, appearing *pro se*, filed his *Complaint* against Defendant Experian Information Solutions, Inc. ("Experian"). Plaintiff alleges two violations of the Fair Consumer Reporting Act (15 U.S.C. § 1681) ("FCRA") based on the followings:

1. On or about September 21, 2008, Certegy Check Services notified Plaintiff that computer tapes concerning his personal information were lost and may have been compromised. (Compl. at 3, ¶ 18).

2. On or about September 22, 2208, Plaintiff passed on this information to Experian and ordered copies of his credit reports. (Compl. at 3, ¶ 19).

3. On or about September 23, 2008, he received copies of his credit reports which showed erroneous, inaccurate, and fraudulent data regarding his personal, financial, and business transactions. (Compl. at 3, ¶ 20).

4. Plaintiff made numerous attempts to contact Experian to rectify and resolve his concerns but to no avail. (Compl. at 3, ¶ 21).

5. Based on inaccurate, erroneous, and adverse information retained by Experian regarding his credit worthiness and banking transactions, Plaintiff has received notices denying him credit, refinancing, and opening a checking account. (Compl. at 3, ¶ 22).

6. As a direct and proximate result of Experian reporting erroneous, inaccurate and fraudulent, and adverse information, Plaintiff continues to suffer damages including but not limited to humiliation, embarrassment, and loss of opportunity. (Compl. at 3, ¶ 23).

7. Experian continues to add, store, maintain, and disseminate personal credit information, which in part is inaccurate, false, erroneous, misleading and adverse despite notice from Plaintiff and subscribers that such information is inaccurate. (Compl. at 4, ¶ 35).

Plaintiff claims that Experian violated the FCRA by failing to conduct a reasonable investigation of Plaintiff's disputes and by failing to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information in violation of § 1681i and § 1681e of the FCRA respectively. (Compl. at 4, ¶¶ 37, 38). Plaintiff seeks actual damages, statutory damages, punitive damages, court costs, and reasonable attorney's fees. (Compl. at 6). Plaintiff also seeks temporary and permanent injunctive relief restraining Experian from further reporting inaccurate, erroneous, and adverse information regarding his consumer credit. *Id.*

On July 16, 2009, Experian filed its *Motion to Dismiss*. (doc. 5). On August 21, 2009, Plaintiff filed an *Amended Complaint*, which the Court struck down as deficient. (doc. 15, 17). Since Plaintiff's amended complaint was struck down as deficient, Plaintiff's original complaint is considered for purposes of this motion. The same day, Plaintiff filed an untimely *Response* to

Experian's motion to dismiss. (doc. 16). On September 8, 2009, Defendant filed a *Reply,* (doc. 23), and the motion is now ripe for determination.

## II.   MOTION TO DISMISS

Experian moves to dismiss Plaintiff's complaint under Rule 12(b)(6) on grounds that it fails to plead sufficient facts to support Plaintiff's FCRA claims under § 1681i and § 1681e. (D. Mot. at 3). Experian also moves to Dismiss Plaintiff's claims for injunctive relief because the FCRA does not authorize these claims. (D. Mot. at 4-5).

### A.   Legal Standard

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The alleged facts must "raise a right to relief above the speculative level." *Id.* In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead

"enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

**B.     FCRA Claim Under § 1681i**

Experian contends that Plaintiff's complaint does not state sufficient facts to support his claim that Experian violated § 1681i by failing to conduct a reasonable investigation of Plaintiff's disputes. (D. Mot. at 3-4).

The FCRA imposes a duty upon consumer reporting agencies to conduct a reasonable investigation into any information that a consumer disputes and that the agencies retains in his file. *Pinner v. Schmidt*; 805 F.2d 1258, 1262 (5th Cir. 1986); 15 U.S.C. § 1681i. Specifically, if a consumer directly or indirectly disputes the completeness or accuracy of any item of information in his file, an agency must conduct a reasonable reinvestigation to determine whether the disputed information is indeed inaccurate. 15 U.S.C. § 1681i(1)(A). Within 30 days of notice of the dispute, the agency must either record the current status of the disputed information or delete the information if it is inaccurate, incomplete, or unverifiable. *Id.*; *Cousins v. Trans Union Corp.*, 246 F.3d 359, 367 n.11 (5th Cir. 2001). A negligent violation of this duty subjects the consumer reporting agency to actual damages resulting from the violation, court costs, and reasonable attorney's fees. 15 U.S.C. § 1681o; *Pinner*, 805 F.2d at 1262. A willful violation subjects the agency to punitive damages as well. 15 U.S.C. § 1681n(a)(2); *Pinner*, 805 F.2d at 1262.

Here, Plaintiff alleges sufficient facts to state a § 1681i claim. He alleges that he notified Experian of the possibility of his personal information being compromised. (Compl. at 3, ¶¶ 18,19). When Experian confirmed his suspicions by providing him with copies of credit reports containing erroneous, inaccurate, and fraudulent data regarding his personal, financial, and business transactions, he alleges, he made numerous attempts to contact Experian to rectify and resolve his concerns but to no avail. (Compl. at 3, ¶¶ 20, 21). He also alleges that Experian's continuous

dissemination of this inaccurate information led to a denial of credit, refinancing, and opening of a checking account. (Compl. at 3, ¶¶ 22, 35). Plaintiff's complaint thus contains "some factual allegations" showing that he disputed the accuracy of information retained by Experian in his file, that Experian failed to conduct a reasonable investigation concerning the disputed inaccuracy, that Experian failed to correct the disputed inaccuracy, and that Plaintiff suffered damages as a result. Under *Twombly*, "a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations." 550 U.S. at 555. All it needs is "some factual allegation" showing an entitlement to relief and providing "fair notice of the...grounds on which the claim rests." *Id.* at 556 n. 3; Fed. R. Civ. P. 8(a)(2)). To the extent of Plaintiff's § 1681i claim, his well-pleaded facts, when viewed in the light most favorable to him, do meet *Twombly*'s notice pleading standard. Therefore, Defendant's motion to dismiss should be **DENIED** as to Plaintiff's § 1681i claim.

C.  **FCRA Claim Under § 1681e**

Experian argues that Plaintiff's complaint does not state sufficient facts to support his claim that Experian violated the FCRA by failing to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and other personal information. (D. Mot. at 3-4).

The purpose of the FCRA is to require consumer credit agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit ... in a manner which is fair and equitable to the consumer ..." 15 U.S.C. § 1681(b); *Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 465 (5th Cir. 2006). In accordance with this purpose, "[w]henever a consumer reporting agency prepares a consumer report, it [must] follow reasonable procedures to assure maximum accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "A credit entry may be 'inaccurate' within the meaning of the statute either because it

is patently incorrect, or it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998). The FCRA "does not impose strict liability for inaccurate entries. Rather, the Plaintiff must show that the inaccuracy resulted from a negligent or willful failure to use reasonable procedures when the report was prepared." *Id.* If the consumer reporting agency's failure is negligent, it may be liable for actual damages resulting from the failure, court costs, and reasonable attorney fees. 15 U.S.C. § 1681o; *Pinner*, 805 F.2d at 1262. If the failure is willful, the consumer reporting agency may also be liable for punitive damages. 15 U.S.C. § 1681n(a)(2); *Pinner*, 805 F.2d at 1262.

Plaintiff's complaint pleads some facts that, when viewed in the light most favorable to him, show his right to relief under § 1681e. The complaint states that his personal information had been stolen and compromised, and that the resulting fraud was reflected in his credit reports. (Compl. at 3, ¶¶ 19, 20). The complaint also states that Experian continued to disseminate inaccurate information despite notice from Plaintiff and subscribers that such information is inaccurate. (Compl. at 4, ¶ 35). The complaint further states that Experian's continuous dissemination of this inaccurate information led to a denial of credit, refinancing, and opening of a checking account. (Compl. at 3-4, ¶¶ 22, 35). Plaintiff's allegations that Defendant entered inaccurate and fraudulent information on his credit reports, and that he suffered damages as a result, give rise to the inference that Experian failed to use reasonable procedures in preparing these reports, and that the failure, if any, was negligent or willful. Plaintiff's complaint thus raises a right to relief above the speculative level and provides fair notice of the grounds on which Plaintiff's § 1681(e) claim rests. *Twombly*, 550 U.S. at 556. Accordingly, Defendant's motion to dismiss as to Plaintiff's FCRA claim under § 1681(e) should be **DENIED**.

**D.** **Claim for Injunctive Relief**

Experian moves to dismiss Plaintiff's claim for temporary and permanent injunctive relief restraining Experian from further reporting inaccurate, erroneous, and adverse information regarding his consumer credit, because it claims that such relief is not available under the FCRA. (D. Mot. at 4-5).

The FCRA does not authorize private litigants to seek injunctive relief against consumer reporting agencies. *Washington v. CSC Credit Servs,. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *McDonald v. Equifax, et. al.*, No. 3:08-CV-0547-B, 2008 WL 5156690, at *2 (N.D. Tex. Dec. 8, 2008). First, the civil liability provisions of the FCRA "expressly refer to damages and attorney fees without mentioning injunctive relief." *Washington*, 199 F.3d at 268 (citing 15 U.S.C. §§ 1681n, o). Second, the FCRA expressly and affirmatively grants the power to pursue injunctive relief to the Federal Trade Commission ("FTC"). *Id.* (citing 15 U.S.C. § 1681s). These two facts, when coupled together, "demonstrate that Congress vested the power to obtain injunctive relief solely with the FTC." *Id.*

In this case, Plaintiff requests injunctive relief against Experian as well as actual damages, statutory damages, punitive damages, court costs, and reasonable attorney's fees. Although the FCRA authorizes damages, attorney's fees, and court costs for a violation of § 1681i and § 1681e, it does not entitle Plaintiff to injunctive relief. 15 U.S.C. § 1681n, o; *Pinner*, 805 F.2d at 1262; *Washington*, 199 F.3d at 268. Therefore, Defendant's motion to dismiss Plaintiff's claim for injunctive relief should be **GRANTED** pursuant to Rule 12(b)(6).

### III.    MOTION FOR A MORE DEFINITE STATEMENT

Defendant requests, in the alternative, that Plaintiff be required to file a more definite statement under Rule 12(e) as to any claims against Experian, thereby allowing Experian the ability

to respond to such claims. (D. Mot. at 5).

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed" if it is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P 12(e). However, the relevant facts of a case need not be pled "in intimate detail." *Davenport v. Rodriguez*, 147 F.Supp.2d 630, 639 (S.D. Tex. 2001). "In view of the great liberality of Fed. R. Civ. P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss.'" *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). Rule 8(a) requires only that a complaint provide a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). Additionally, to comport with Rule 8(a), the complaint must simply either: "(1) provide notice of the circumstances which give rise to the claim or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir. 1999).

Plaintiff's FCRA claims have already withstood a motion to dismiss and are neither so unintelligible nor so vague that Experian should be unable to respond. Additionally, pleadings of a *pro se* plaintiff are to be construed liberally, and the Court and the defendant should make an effort to determine the relief requested prior to labeling his complaint as too vague or too ambiguous. In seeking a more definite statement, Experian is asking the Court to require Plaintiff to plead his case in intimate detail. This, Plaintiff is not required to do. Accordingly, Defendants' motion to require Plaintiff to make a more definite statement should be **DENIED**.

### IV. CONCLUSION

*Defendant Experian Information Solutions, Inc.'s Motion to Dismiss* should be **GRANTED**

to the extent that it seeks dismissal of Plaintiff's claim for injunctive relief. The motion to dismiss should be **DENIED** otherwise. Defendant's alternate motion for a more definite statement should be **DENIED**.

**SO RECOMMENDED**, on this 12th day of October, 2009.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE