**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ARTHUR WILLIAMS,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:09-CV-1146-L-BH |
| | § | |
| **CREDIT PROTECTION** | § | |
| **ASSOCIATION, et al.,** | § | |
| Defendants. | § | **Pretrial Management** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case was referred to this Court for pretrial management.

### I. BACKGROUND

On June 17, 2009, Plaintiff filed this action against numerous defendants and moved for leave to proceed *in forma pauperis*. After the Court found that Plaintiff did not satisfy the requirements for proceeding *in forma pauperis*, he paid the filing fee on July 20, 2009. On that same date, the Court issued an order that stated in relevant part:

> Due to the payment of the required filing fee, and pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, Plaintiff is now responsible for serving each defendant with a summons and a copy of the complaint in this case. Proper service must be made within 120 days of filing a complaint or the action is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). Pursuant to Local Civil Rule 4.1 of the Local Civil Rules for the Northern District of Texas, after serving each respondent, Plaintiff must file with the Court a valid return of service or otherwise show that each defendant was timely served. If he fails to do so, this action may be dismissed.

The order also directed the clerk to mail Plaintiff summons forms and a copy of Rule 4. The docket reflects that the documents were served with the order.

Prior to the July 20, 2009 order, Defendant Experian Information Solutions appeared in this action by filing a motion to dismiss. Defendants First Central Credit Union; Fremont Reorgani-

zation Corporation; Credit Bureau Collection Services, Inc.; Trans Union LLC thereafter appeared in this action by filing an answer or motion. Although Plaintiff has voluntarily dismissed two defendants (NCO Financial Systems and Chexsystems, Inc.) from this action, several defendants have not been dismissed and have not entered an appearance.

Because Plaintiff had failed to file a valid return of service regarding any defendant within 120 days of the complaint, the Court issued an order on October 20, 2009, directing Plaintiff to show cause for his failure to comply with the service requirements of Rule 4(m). The order expressly stated that if Plaintiff failed to comply with its terms by November 4, 2009, by filing a valid return of service as to the defendants who have not yet appeared in this action and have not been dismissed, or by showing good cause in writing why service could not be made, this Court would recommend to the District Court that this action be dismissed as to those unserved defendants. Other than voluntarily dismissing one defendant, Plaintiff has filed nothing since the October 20, 2009, show cause order. As of this date, Plaintiff has filed no valid return of service to indicate that he has properly served any defendant and nothing in writing to show why he has failed to do so.

## II. ANALYSIS

Proper service must be made within 120 days of filing a complaint or the action is subject to *sua sponte* dismissal, without prejudice. Fed. R. Civ. P. 4(m). However, dismissal is not proper "if the plaintiff shows good cause for the failure" to properly effect service and a court should extend the time to serve the defendant. *Id.* The plaintiff bears the burden of showing good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S.*

*R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). A plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed. *Hickman v. U.G. Lively,* 897 F. Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Here, more than four months have passed since Plaintiff filed this action. Despite the Court's orders, he has not complied with Fed. R. Civ. P. 4(m) and Local Civil Rule 4.1 by timely serving the defendants and filing proof of valid service. Nor has he shown cause for his failure to serve the defendants. Accordingly, Plaintiff's claims against the unserved defendants who have not appeared in this action or who have not already been dismissed should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

### III. CONCLUSION

All claims and causes of action asserted against Defendants Credit Protection Association; Fidelity Bank of Texas; Receivable Performance; American Express; National Tenant Network; Swift/M&I; Heart of Texas Auto Auction; Citifinancial Corporation Inc.; Credit Bureau Collection Freemont Investment; and TXU Energy should be **DISMISSED** without prejudice to the refiling of same for failure to comply with Fed. R. Civ. P. 4(m).

**SO RECOMMENDED**, this 6th day of November, 2009.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE