Case 3:09-cv-01146-L-BH   Document 63   Filed 02/10/10   Page 1 of 5   PageID 457

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ARTHUR J. WILLIAMS JR.,** § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:09-CV-1146-L** |
| § | |
| **EXPERIAN INFORMATION SOLUTIONS** § | |
| and **TRANS UNION LLC,**[*] § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court are (1) Counter-Plaintiff Experian Information Solutions, Inc's Motion for Entry of Default Judgment, filed December 30, 2009; and (2) Defendant/Counter-Plaintiff Trans Union, LLC's Motion for Default Judgment, filed January 6, 2010. After consideration of the motions, appendices, record, and applicable law, the court hereby **grants** Counter-Plaintiff Experian Information Solutions, Inc's Motion for Entry of Default Judgment and **grants** Defendant/Counter-Plaintiff Trans Union, LLC's Motion for Default Judgment.

**I.   Background**

Plaintiff Arthur J. Williams, Jr., ("Williams"), representing himself *pro se*, filed his complaint for alleged violations of the Fair Credit Reporting Act and Federal Debt Collections Practices Act on June 17, 2009, against multiple defendants, including Experian Information Solutions ("Experian") and Trans Union LLC ("Trans Union"). Experian and Trans Union each filed a counterclaim against Williams on November 10, 2009, and November 9, 2009, respectively.

---

[*]Originally there were significantly more than two defendants in this case, but all other defendants have since been terminated, following a Stipulation of Dismissal among the parties. Experian Information Solutions and Trans Union LLC are the only two defendants remaining in this action, acting now as counter-claimants.

**Memorandum Opinion and Order – Page 1**

Both counterclaims requested costs and attorney's fees incurred from defending in this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(c).

To date, Williams has not responded to or otherwise defended against Experian's and Trans Union's counterclaims in this lawsuit. Williams did, however, file a Notice of Dismissal on December 1, 2009, wherein he sought to voluntarily dismiss all defendants from this case with prejudice pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. Because most of the defendants filed answers in this proceeding before Williams sought voluntary dismissal, each of those defendants had to then separately file a Stipulation of Dismissal to effect Williams's voluntary dismissal pursuant to Rule 41(a)(1)(ii). Experian and Trans Union both filed such stipulations on December 21, 2009, but gave notice to the court that their respective counterclaims against Williams had not been settled and that they intended to move forward with those counterclaims. Accordingly, the parties to this lawsuit have agreed to dismiss the original action with prejudice pursuant to Rule 41(a)(1)(ii), and the counterclaims of Experian and Trans Union are all that remain for the court's consideration.

Williams received electronic service and e-mail notification of Experian's and Trans Union's counterclaims through the ECF filing system on the day that those counterclaims were filed; Williams had previously consented to being served electronically. Experian requested the clerk to issue entry of default on December 22, 2009, and default was entered the same day. Trans Union requested the clerk to issue entry of default on January 5, 2010, and default was entered on January 6, 2010. Both Experian and Trans Union now request entry of final judgment against Williams to recoup their costs and attorney's fees.

**Memorandum Opinion and Order – Page 2**

**II.     Analysis**

The court finds that because Williams has neither filed an answer to Experian's and Trans Union's counterclaims, nor has he otherwise defended in this lawsuit against those counterclaims, and because the affidavits and other documentation attached to Experian's and Trans Union's respective motions for default judgment establish that Williams is not an infant, an incompetent or in the military, Experian and Trans Union are entitled to judgment against Williams.  The court therefore accepts as true the well-pleaded allegations stated by Experian and Trans Union in their respective counterclaims, the facts in their respective motions for default judgment, and those set forth in the respective appendices accompanying each motion.

Experian and Trans Union both seek attorney's fees pursuant to the Fair Credit Reporting Act, which permits a court to award such costs upon a finding that "an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment."  15 U.S.C. § 1681n(c).  That Williams's original pleading meets this qualification is established by the well-pleaded allegations in Experian's and Trans Union's respective counterclaims, which the court have accepted as true.  Accordingly, the court determines that an award of reasonable attorney's fees are appropriate in relation to the work expended in responding to the pleading in this case.

Experian asks the court to render a default judgment for the sum of $4,500.  In support of this figure, Experian has submitted the affidavit of Nicole M. Perry ("Perry"), Experian's attorney from the law firm Jones Day.  Perry's sworn statement describes the type of legal tasks performed in this case as well as the time spent and costs incurred in performing such tasks.  Perry states that the number of hours required to perform these tasks totaled 34.7 and that, at a reasonable hourly rate

**Memorandum Opinion and Order – Page 3**

of just under $130 per hour, the attorney's fees total $4,500. The court determines that such rates for the legal services rendered in this case were reasonable and consistent with the rates charged for like professionals within the Dallas legal community.

Trans Union asks the court to render a default judgment for the sum of $8,652. In support of this figure, Trans Union has submitted the affidavit of Martin E. Thornthwaite ("Thornthwaite"), Trans Union's attorney from the law firm Strasburger & Price. Thornthwaite's sworn statement, like Perry's, describes the type of legal tasks performed in this case as well as the time spent and costs incurred in performing such tasks. Thornthwaite states that the number of hours required to perform these tasks totaled 51.5 and that, at a reasonable hourly rate agreed to by Trans Union of $168 per hour, the attorney's fees total $8,652 for all legal and paralegal services rendered. The court determines that such rates for these services were reasonable and consistent with the rates charged for similar cases by like professionals within the Dallas legal community.

While the court believes that the services rendered by the attorneys in this case were necessary and that the rates were reasonable, Experian's and Trans Union's counterclaims for attorney's fees and costs are more akin to a request for sanctions. Sanctions should be imposed to deter conduct that is frivolous or without basis or foundation. The amounts requested for attorney's fees are more than what is necessary to accomplish this objective, especially in light of Williams's financial status. After careful study, the court determines that $2,500 for Experian and $4,500 for Trans Union are reasonable amounts to be assessed against Williams for attorney's fees and costs.

### III. Conclusion

For the reasons stated, the court **grants** Counter-Plaintiff Experian Information Solutions, Inc's Motion for Entry of Default Judgment and **grants** Defendant/Counter-Plaintiff Trans Union,

LLC's Motion for Default Judgment to the extent herein stated.  Default judgment will be entered for Experian in the amount of $2,500 and for Trans Union in the amount of $4,500.  In accordance with Rule 58 of the Federal Rules of Civil Procedure, judgment will issue by separate document.

**It is so ordered** this 10th day of February, 2010.

Sam A. Lindsay
United States District Judge